**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**CURTIS JAMES JACKSON,**

    **Petitioner,**

**v.**                                                      **Case No. 5:16cv273-WTH/CAS**

**STATE OF FLORIDA,**

    **Respondent.**

    _____/

## **REPORT AND RECOMMENDATION TO DISMISS HABEAS PETITION**

On September 15, 2016, Petitioner Curtis James Jackson, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 indicating he was challenging his detention in cases 15-657CF and 16-03A in the Fourteenth Judicial Circuit, Jackson County, Florida, and no sentence had been imposed. ECF No. 1. Because it appeared from the information Petitioner provided that he had not been sentenced or proceeded to trial, this Court directed him to complete a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 4. Accordingly, Petitioner filed his amended petition, a § 2241 petition, on November 8, 2016, raising 22 grounds. ECF No. 5. On February 21, 2017, Respondent filed a motion to dismiss the petition, with exhibits.

ECF No. 12. In reply, Petitioner has filed a "Motion Objecting to Motion to Dismiss Petition for Writ of Habeas Corpus," and he has submitted additional exhibits. ECF No. 17.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes Petitioner is not entitled to federal habeas relief and, accordingly, this § 2241 petition should be denied.

## Analysis

Petitioner indicates in his § 2241 petition, and his reply, that he challenges his pretrial detention in two state cases, 2015-CF-657 (Case 1) and 2016-CF-003 (Case 2), from the Fourteenth Judicial Circuit, Jackson County. ECF Nos. 1, 5, 17. As reflected by exhibits submitted by Respondent with the motion to dismiss, in Case 1, the State of Florida charged Petitioner by information with two counts: (1) aggravated battery with a firearm (victim Joseph Alan Jackson) contrary to section 775.087(2)(a)1., 2., 3., and 784.045(1)(a)1. and 2., Florida Statutes; and (2) being a felon in possession of a firearm or ammunition, contrary to section

775.087(2) and 790.23(1)(a), (c), (d), (e) and (4). Ex. C.[1] Petitioner was arrested on December 31, 2015, during the execution of the arrest warrant in Case 1. Ex. B. By information filed January 15, 2016, the State of Florida charged Petitioner in Case 2 with two counts in connection with events that occurred during his arrest: (1) possession of cocaine, contrary to section 893.13(6)(a), Florida Statutes; and (2) possession of less than 20 grams of marijuana, contrary to section 893.13(6)(b), Florida Statutes. Ex. H.

In his habeas corpus petition, Petitioner raises 22 grounds:

(1) "Affidavit-Complaint absent legal probable cause to support arrest." ECF No. 5 at 3.

(2) "Affidavit-Complaint suggestively taint identity of Petitioner." *Id.* at 3.

(3) "Two affidavit-complaints for single crime – two victims same person." *Id.* at 4.

(4) "Affidavit-Complaint narrative page 2, false oath." *Id.*

(5) "Affidavit-Complaint attest to application for warrant/capias." *Id.* at 5.

(6) "First appearance document in conflict with complaint victim." *Id.*

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 12.

(7) "Information filed premature." *Id.* at 6.

(8) "Information victim NOT victim in this case." *Id.*

(9) "Illegal arrest" on or about December 31, 2015, when Petitioner was arrested without probable cause or an arrest warrant. *Id.*

(10) "Illegal arrest" where on or about March 16, 2016, and March 18, 2016, Petitioner was mailed a copy of an arrest warrant showing "although the bond information has been checked it had not been signed by the judge." *Id.*

(11) "Conspiracy" involving arrest warrant. *Id.* at 7.

(12) "Forgery" involving arrest warrant. *Id.*

(13) "Fictitious signature of officer or corporation" on arrest warrants. *Id.* at 8.

(14) "Warrant issued charging for none victim." *Id.*

(15) "State victim is NOTED by (5) given names." *Id.*

(16) "No charges filed on behalf of alleged actual victim by State." *Id.* at 9.

(17) "Illegal search and seizure" following Petitioner's arrest on December 31, 2015, involving cigarette pack. *Id.*

(18) "Illegal search and seizure" involving Petitioner's residence. *Id.*

(19) "Ficticious signature of officer/corporation" on arrest warrant. *Id.* at 10.

(20) "False imprisonment." *Id.*

(21) "Falsifying records" involving arrest warrant. *Id.* at 10-11.

(22) "Conspiracy" involving arrest warrant. *Id.* at 11.

As Respondent explains, in Case 1, after Petitioner began these proceedings, a jury found him guilty as charged of aggravated battery with a firearm, making specific findings that he actually possessed and discharged a firearm, causing great bodily harm. Ex. D. In that case, as Petitioner acknowledges in his reply, the trial court adjudicated Petitioner guilty and sentenced him on December 15, 2016, to 25 years in prison, with jail credit for 350 days. Ex. E; ECF No. 17 at 2. As Respondent explains, and as Petitioner acknowledges, Grounds 1 through 6, Ground 8, Grounds 10 through 16, and Grounds 18 through 22, all concern Case 1. ECF No. 12 at 4; ECF No. 17 at 11-12, 18. Thus, to the extent Petitioner seeks to challenge pretrial matters or his state court judgment of conviction and sentence in Case 1, because he is now in custody pursuant to the state court's judgment, the proper avenue for federal habeas purposes is a petition for writ of habeas corpus filed pursuant to 18 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *see also, e.g.,* <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1059 (11th Cir. 2003) (explaining different federal post-conviction provisions: "Section 2254 . . . applies to a subset of those to whom § 2241(c)(3) applies – it applies to 'a person in custody <u>pursuant to the</u>

judgment of a <u>State court</u>' who is 'in custody in violation of the Constitution or laws or treaties of the United States.'" (quoting and emphasizing portions of § 2254(a))).

Further, relief pursuant to § 2254 may only be granted if remedies have been exhausted. *See* 28 U.S.C. § 2254(b). A petitioner has not exhausted remedies if he still has the right to raise the issue in state court. *See id.*; <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 839 (1999). To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>Boerckel</u>, 526 U.S. at 845. Because Petitioner has only recently been convicted and sentenced in Case 1, it is apparent that he has not yet exhausted his claims concerning that case in state court. *See* Ex. E.

To the extent Petitioner challenges his state pretrial detention in Case 2 this § 2241 habeas petition, specifically Grounds 7, 9, and 17, nothing indicates he has exhausted those claims, as Respondent explains. *See* ECF No. 12 at 6-8; ECF No. 17 at 12-13. Further, because trial proceedings in Case 2 are evidently still pending in state court, the federal abstention doctrine precludes interference in those proceedings. *See* Exs. I, J; <u>Braden v. 30th Judicial Cir. Ct. of Ky.</u>, 410 U.S. 484, 489-92 (1973)

(addressing claim raised in § 2241 petition only after concluding petitioner, a state pretrial detainee, had exhausted all available state court remedies for consideration of constitutional claim). *Cf., e.g.*, Medberry, 351 F.3d at 1060 (explaining "[s]tate pretrial detention . . . might violate the Constitution or the laws or treaties of the United States" and "[s]uch a prisoner would file an application for a writ of habeas corpus governed by § 2241 only" because pre-trial detainee would not be "in custody pursuant to the judgment of a State court").

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the 'Younger abstention hurdles' before the federal courts can grant such relief." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004). In Younger v. Harris, the U.S. Supreme Court held, based on principles of comity, equity, and federalism, that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger); *see* Hughes, 377 F.3d at 1263-64. Federal courts consistently abstain from enjoining state criminal prosecutions unless one of the following limited exceptions applies: (1) evidence indicates the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) no

adequate alterative state form exists in which to raise the constitutional issues. Younger, 401 U.S. at 45-49, 53-54; Hughes, 377 F.3d at 1263 n.6.

No Younger exception applies to Jackson's § 2241 petition. Jackson does not make a "substantial allegation" showing his state prosecution is motivated by bad faith, nor has he alleged sufficient facts to show irreparable injury would occur. *See* Younger, 401 U.S. at 48 (noting bad faith prosecutions are brought with no intention of securing conviction or with intention to harass), 53-54 (explaining irreparable injury exists if statute under which petitioner is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist warranting equitable relief). Further, Florida state courts have adequate and effective procedures for reviewing his claims through appellate and post-conviction proceedings. Accordingly, this Court should abstain from reaching the merits of Petitioner's § 2241 claims. *See, e.g.*, Turner v. Morgan, No. 3:12cv188-MCR/CJK, 2012 WL 2003835 at *3 (N.D. Fla. Apr. 25, 2012) (Report and Recommendation to dismiss without prejudice § 2241 petition filed by state pretrial detainee).

## Conclusion

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 12) be **GRANTED** and the petition for writ of habeas corpus filed by Curtis James Jackson pursuant to 28 U.S.C. § 2241 (ECF No. 5) be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2017.

> S/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**